## BERNHEIM BROS. & URI *v.* DIBRELL & HILL.

66  199
87  218

1. PRACTICE. *Putting witness under rule. Right of party to be present.*
    The rule authorizing witnesses to be excluded from hearing the testimony of others, does not apply to parties to the cause. If a party proposes to testify in his own behalf, the extent of the court's power is to require him first introduced. In case of joint claimants, it is error to exclude one while the other is testifying. It is the right of both to be present during the entire trial. *French* v. *Sale,* 63 Miss. 386, cited.

2. FRAUD. *Evidence of other transfers about same time.*
    In case of an alleged fraudulent transfer, evidence of what the grantor did at or about the time of making it is admissible. It is not essential that the acts should be contemporaneous with the one under investigation. If they are so closely related in time, before or after, that the intent governing in the one transaction may fairly be inferred to be the intent which controlled in the other, the evidence is competent.

3. SAME. *Question for jury.*
    If the intervening time is short, it is not for the court, as matter of law, to say that the one act does not shed light on the other. It is for the jury, in

the light of all the competent evidence, to pass upon the question of the motive in making the transfer.

4. FRAUD.  *Claimant's issue.  Grantor's insolvency.*
   On the trial of a claimant's issue, in such case, as the fraud of the grantor is a fact necessary to be proved by an attacking creditor, it is permissible to show that the debtor, at the time of making the transfer, owed more than the value of all his visible property subject to execution; and this, whether the purchaser knew of such debts or not.

5. PEREMPTORY INSTRUCTION.  *When improper.*
   Peremptory instruction to find a certain way is improper unless the court, on the evidence, would set aside a contrary verdict.

FROM the circuit court of the second district of Chickasaw county.

HON. LOCK E. HOUSTON, Judge.

On April 15, 1887, M. A. Pollard, wife of O. Pollard, sold to appellees, Dibrell & Hill, a stock of drugs, in the town of Okolona. On the next day appellants, Bernheim Bros. & Uri, creditors of Mrs. Pollard, sued out an attachment against her, alleging a fraudulent disposition of her property, and levied upon the stock of goods sold to Dibrell & Hill. Judgment by default was entered against the defendant in attachment, and a claim being interposed by Dibrell & Hill, in respect to the goods they had purchased, an issue was made up and the case came on for trial. Both claimants were sworn as witnesses in their own behalf. When Dibrell was introduced the court, at the instance of plaintiffs, excluded Hill, the other claimant, and he was compelled to remain absent from the room while his co-claimant was testifying, it being announced that he, Hill, would also be introduced. The claimants objected to this and reserved an exception. Verdict and judgment being in favor of plaintiffs, the claimants moved for a new trial on this and other grounds, and a new trial was granted.

On the second trial, in seeking to show that the sale to Dibrell & Hill was fraudulent, plaintiffs, among other things, offered evidence to prove that the defendant, Mrs. Pollard, on the night of the day she sold the goods to claimant, and very early next morning, made transfers of the property for the fraudulent purpose of

defeating her creditors. Claimants objected to this because the evidence related to acts occurring after their rights had accrued, and the testimony was rejected. To this action of the court plaintiffs excepted. The defendant, Mrs. Pollard, was a sister of one of the claimants, and the other claimant was her brother-in-law. In view of the relationship of the parties and the facts and circumstances of the transaction, plaintiffs contended that the sale was made to defraud creditors, and that the purchasers knew this as a fact, or were put upon inquiry, and were therefore affected with notice.

Testimony was also introduced by plaintiffs to show that at the time of the sale Mrs. Pollard owed debts greatly in excess of the value of all her visible property ; but, because it could not be shown by direct evidence that the claimants knew of these debts at the time of their purchase, objection was made and this evidence was excluded. Plaintiffs excepted.

Plaintiffs sought to have the question of fraud and participation therein passed upon by the jury and offered various instructions with that in view. These were refused, and, at the instance of claimants, the following instruction was given : "The court charges the jury that there being no evidence of any notice of fraud to claimants, they will find for claimants, notwithstanding any fraud which Mrs. Pollard may have committed."

From a judgment in favor of claimants, after motion for new trial overruled, plaintiffs appealed.

*Orr, Lacey & Orr,* for appellants.

The first verdict in favor of plaintiffs was right and should not have been disturbed.

The fraud of Mrs. Pollard was abundantly shown. She had pocketed the insurance money, had discounted paper, and had gotten in all available assets. This was a sale in the family—a family reunion was held at the time, and all strangers were carefully excluded. The purchasers, Dibrell & Hill, were inexperienced young men, farmers, who knew nothing of the drug business. They had no conference as they rode into the town the day of the sale. The trade was all arranged between Hill, Sr., and O. Pollard, the husband of the defendant. The circumstances show that Mrs.

Pollard herself furnished the money that was ostensibly paid—at. least the portion of Hill. If the purchasers did not in fact participate in the fraud, they had notice of the fraudulent purpose of the grantor. If they were put upon inquiry by the circumstances, or, if from all the facts notice of the fraud was to be *inferred,* their purchase was illegal.

It was error to exclude proof of the debtor's insolvency. That was an independent fact and a part of the fraud. If we failed to show that the claimants had knowledge of the .indebtedness, or such notice as would put them upon inquiry, then the court might have instructed the jury that their title was not affected by the fraud of the vendor. But the case should have been left to the jury under proper instructions. It was error for the court to *assume* that there was no notice of the fraud and to instruct the jury to find for claimants.

*W. T. Houston,* for appellees.

No brief on file.


COOPER, J., delivered the opinion of the court.

The court properly set aside the first verdict and awarded a new trial, for on the first trial, at the instance of the plaintiffs, the court. excluded from the room Hill, one of the claimants, while Dibrell, the other claimant, was being examined as a witness. Both claimants were parties to the same issue, and it was the right of both to be present during the trial. The rule of court by which witnesses are excluded from hearing the testimony delivered by other witnesses does not apply to parties to the cause, who cannot be denied the privilege of being present to examine their own witnesses or to cross-examine those of their adversary. Where a party proposes to testify in his own behalf it is within the power of the court to require him to be first sworn, but this is the extent of the power, and since both Hill and Dibrell could not first testify of necessity one must have been in the room while the other was testifying. In *French* v. *Sale* the extent and limit of the rule was indicated, and we have found no authority going beyond the point there decided.

On the second trial the court erred, first, in rejecting the evidence proposed to be introduced by the plaintiffs to show that at about the same time of the purchase by the claimants of the goods in controversy, the defendant in attachment made other transfers of property liable to be taken in execution by her creditors; and, secondly, in excluding from the jury certain evidence which had been permitted to go to the jury tending to show her insolvency.

On the trial of the claimants' issue it devolved on the plaintiffs to show, first, that the transfer of the property levied on was made with a fraudulent intent by the debtor, and, secondly, that Dibrell & Hill, the claimants, were not purchasers thereof in good faith. The fraud of the debtor was an independent fact, and any evidence relevant to that fact was competent. Whatever she did at or about the time of the transaction under investigation calculated in its nature to throw light upon the intent with which she made that transfer, was competent whether it preceded or succeeded the transfer itself. It is not essential to the competency of such evidence that it should relate to transactions contemporaneous with the one investigated. If they are so closely related in time that the intent that governed in the one may fairly and reasonably be inferred to be the intent that controlled the other, then the one sheds light upon the other and is therefore a relevant subject of investigation. If Mrs. Pollard, on the night of the day on which she sold the goods levied on to the claimants, made transfers of other portions of her estate for the fraudulent purpose of defeating her creditors, it is for the jury to say whether such was the purpose of the transfer to the claimants. The intervening time was too short for the court to say as matter of law that the one act could not shed light upon the other. For this reason it was error to exclude from the jury the evidence proposed to be introduced touching the transfer of the notes given for the rent of her lands by her agent on the day following the sale of the goods attached.

The plaintiff was permitted by the court to introduce much evidence tending to show that the judgment debtor was insolvent at the time of the sale of the goods attached, or rather that she owed much more than the value of all her visible property subject to

execution; but because they could not prove by direct testimony that Dibrell & Hill knew of the existence of such debts, all the testimony in reference thereto was excluded by the court upon motion of claimants.

Without intending to pass upon the testimony further than is necessary to the determination of the case as presented to us, we are content to say that if upon the evidence introduced before the jury, it had found a verdict in favor of the plaintiffs, the court would not have been warranted in setting it aside as not supported by the facts in testimony.

*The judgment is reversed and cause remanded for a new trial.*