REX MOTOR CAR MFG. CO. *v.* DUPONT.

[96 South. 684. No. 23162.]

EVIDENCE. *Uncommunicated declarations by agent to third parties held inadmissible in suit on note where defense fraud.*

Where the defense to a suit on a promissory note executed for the purchase price of stock in a corporation is based on alleged false and fraudulent representations made to the defendant by an agent of the corporation who sold the stock, it is error to admit testimony of statements and representations made by agents of the corporation to other parties, which were not

made in the presence of and were not communicated to the defendant, and which related to sales and transactions with which the defendant was in no way connected.

APPEAL from circuit court of Pearl River county.

HON. G. WOOD MAGEE, Special Judge.

Suit by the Rex Motor Car Manufacturing Company against J. E. Dupont. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

*Gex, Waller & Morse,* for appellant.

It would be useless to cite much authority in a case of this sort, because the propositions of law are so elementary that we are confident that it would be burdensome to the court to go into the matter. However, we can't refrain from referring the court to the elementary propositions as established by this as well as all other courts.

The Law. In *N. O. etc., Ry. Co.* v. *Tyson,* 46 Miss. 729, this court said: "It is error to admit testimony, which does not prove or tend to prove the issue." See also, *Cross* v. *Levy,* 2 Miss. 116.

In 2 Miss. Dig., page 139, it is said: "When a depositary of money without hire was sued for an alleged balance, due on the deposit, and he was allowed to introduce his cash book, and to prove that his clerks made false entries in it, and that they had stolen his money; it was held that this evidence was error for the reason that it was irrelevant. *Cougherty* v. *Vanderpool,* 35 Miss. 65."

In the same Volume, page 142, it is said: In a suit against several as partners, where some of the defendants deny the partnership, an application for revenue license, though made in the name of the firm, and reciting that all the defendants are partners, and sworn to by one of the parties, is, as to defendant, denying

their liability, *res inter alios acta,* it not being made in their presence or with their knowledge. *Boyd* v. *Ricketts,* 60 Miss. 62.''

''The plaintiff sought to recover moneys paid to the defendants for drafts sold by them to the plaintiff, which draft belonged to a third person to whom plaintiffs had to pay the amount thereof. To prove this fact he offered in evidence the record of the justice's court, showing the recovery of a judgment against the plaintiff for the amount of the drafts by such third person. This evidence was held inadmissible, for the reason that it was *res inter alios acta. Andrews* v. *Kramer,* 77 Miss. 171, 25 So. 156.

In 5 Miss. Dig., Page 621, it is said: ''The statement of an agent has no probative value as establishing his agency. (1912) *Sumrall* v. *Kitselman Bros.,* 101 Miss. 783, 58 So. 594; (1919) *Gulfport, etc., Traction Co.* v. *Faulk,* 119 Miss. 894, 80 So. 340; (1919) *W. T. Rawleigh Co.* v. *Denham,* 119 Miss. 406, 81 So. 118.'' ''(1918) The admissions of an agent outside of court are not competent to show the fact of his agency nor the scope or extent of his powers. *Reichman Crosby Co.* v. *Dinwiddie,* 117 Miss. 103, 77 So. 906.''

*Brady, Deal & Hobbs,* for appellee.

Appellant is much aggreived at certain testimony admitted by the trial court, but it has permitted itself to become exercised over false issues. The suit was not, and this appeal is not, between J. A. Bell and J. E. Dupont. It is between the Rex Motor Car Manufacturing Company, by which Bell was employed, one of many agents, and J. E. Dupont. Therefore, in view of the contentions raised by appellant on the trial it was wholly proper that appellee should show the stock-selling methods employed by appellant through all of its agents in Picayune. None of these acts, once the fact of agency was established, was a side issue.

If J. A. Bell representing appellant, told J. E. Dupont, appellee that the company would have between fifty and one hundred cars on the Mississippi market within six months, as he did, and then immediately went to George Braeber and S. W. McGehee, told them the same thing, and undertook to make arrangements to handle these imaginary cars, and his solicitations were followed by similar acts and solicitations by other agents and representations, then these facts were material and these acts were not *res inter alios acta*. For that reason appellant desperately sought to claim that agency had not been established. It was proper then that its complete ratification of these acts should be shown by proof that it has sued George Braeber and S. W. McGehee on the very subscription notes secured by Bell and its other agents in Picayune. That is all that the testimony of which he complains so bitterly amounted to. The declarations were introduced for that single purpose, and the record is perfectly clear on that.

Cook, J., delivered the opinion of the court.

This is an appeal by the Rex Motor Car Manufacturing Company, a non-resident corporation in process of promotion, from a judgment of the circuit court of Pearl River county in a suit on a promissory note given by appellee for the purchase price of stock in the corporation. There was a verdict and judgment in favor of the defendant, and from this judgment this appeal was prosecuted.

To the declaration the appellee filed a plea of the general issue, and also a special plea, setting up, in substance, that he was fraudulently induced to purchase the stock for which the note was executed by reason of misrepresentations of material facts concerning such stock made by the agent and promoter of the corporation; that the said agent represented to him that the corporation was selling said stock in full compliance with the

laws of the state of Mississippi; that said corporation would, on or before January 1, 1921, have manufactured and on the market a large number of automobiles; that said corporation had filed a surety bond with the secretary of state at Jackson, Miss., guaranteeing that it would have the number of cars manufactured and in operation by January 21, 1921, and in the event it failed so to do, all money paid by persons purchasing stock would be returned to them or the said bond would be used to reimburse them; that all such representations were false and were fraudulently made; that appellee believed said representations and relied wholly upon them and on the faith and credit thereof purchased the stock.

At the trial the appellee testified to facts in support of the averments of his special plea, and therupon he offered two witnesses, who, over the repeated objections of appellant, were permitted to testify that various agents of the corporation, including the agent who had sold the stock to appellee, made the same or similar representations to them and thereby induced them to purchase stock of the corporation, and that these agents had entered into an agreement or arrangement with them to sell the cars when they were manufactured. These witnesses were permitted to testify in great detail as to statements and representations made to them by these agents. None of the representations made to these witnesses were communicated to or made in the presence of the appellee, and, on appeal, the admission of this testimony is assigned as error.

We think the admission of this testimony was manifest error. The witnesses were permitted to testify about conversations with other agents of the corporation concerning contracts with which the appellee was in no way connected. None of the representations made to these third parties were made in the presence of or communicated to the appellee, and we think the ad-

mission of this testimony was highly prejudicial to the appellant, and that the error was not cured by an instruction granted to appellant that the appellee could not avail himself as a defense to the suit of any statements made to other parties by the agent of the company which were not communicated to him or made in his presence and upon which he did not act in purchasing the stock.

The judgment of the court will therefore be reversed and the cause remanded.

*Reversed and remanded.*