[No. 17835.　Department One.　August 28, 1923.]

R. B. FOSBURG, *Respondent,* v. C. W. COUTURE,
*Appellant.*[1]

FRAUD (8, 22)—MEANS OF KNOWLEDGE OF PARTIES—EVIDENCE—SUF-
FICIENCY.　The purchaser of an automobile may rely upon and re-
cover damages for representations that the car had been driven only
by the seller and a distance of only 512 miles, when it had been
driven by various drivers several thousand miles, and enough to
wear out some of its parts, notwithstanding the buyer made an in-
vestigation and trial of the car.

Appeal from a judgment of the superior court for
Yakima county, Holden, J., entered October 23, 1922,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action for fraud.　Affirmed.

*Ralph B. Williamson,* for appellant.

*Snively & Bounds,* for respondent.

BRIDGES, J.—This was an action for damages grow-
ing out of the sale of an automobile by the defendant
to the plaintiff.　The former appeals from a judgment
based upon the verdict of a jury.

The testimony is not very greatly in dispute.　The
appellant made it a part of his business to buy and
sell automobiles, both new and second-hand.　The re-
spondent, while not being a mechanic, had had consid-
erable experience with the operation of automobiles,
and had considerable knowledge concerning their parts.
The appellant represented to the respondent that his
Pilot automobile was a new one, in good mechanical
condition in every way, and had not been operated
more than 512 miles, as indicated by the speedometer
on the car, and that he only had driven it.　It was
given into the possession of the respondent with the

[1]Reported in 217 Pac. 1001.

privilege of operating it for two or three days or longer and making such examination of it as he might choose, before purchasing. After having so operated the car, respondent returned it to the appellant, claiming that the motor had a knock in it. He was assured that such was not the case, and that the machine was in good condition, and thereupon respondent purchased it, paying a part of the purchase price down and agreeing to make certain deferred payments. After operating the car for about two weeks, respondent offered to return it, claiming that appellant had misrepresented its condition. He produced testimony tending to show that, within a few days after he bought the car, it developed mechanical defects in that the worm gears on the oil pump were not properly assembled, and the dogs in the clutch end of the generator of the Delco starting system were worn; that parts of a steel plug were found in the differential, that there was a distinct knock in the motor, that the car had been driven several thousand miles, or, at any rate, very much farther than the 512 miles represented by the appellant, and that various persons had driven it before the respondent purchased. Appellant very frankly admits that he made most of the alleged representations, and we are impressed with the view that he made them honestly but mistakenly.

Appellant contends that respondent was given an opportunity to make, and did make, an independent investigation and examination of the car, and did not rely on any representations made by him. If this case stood solely upon certain alleged defects, such as the knock in the motor, we might be disposed to hold that a nonsuit should have been granted. But it is plain that the respondent had a right to, and did, rely upon the representations that the car was new and

had been operated only 512 miles and had been driven only by appellant. Such representations were very material ones. Anyone who has had anything to do with automobiles knows that the average car which has had miscellaneous drivers for a distance of several thousand miles is not as good a car as one which has had but one careful driver and has traveled only 500 miles. The testimony tended to show that the car had been driven to such an extent as to wear out, or at least damage, certain of its parts. We cannot say, as a matter of law, that because a purchaser makes an independent investigation before purchasing an automobile he may not rely upon representations as to the distance the car has been operated, particularly where that representation agrees with the reading on the speedometer. Nor can we say, as a matter of law, that one has not been defrauded who purchases a car upon the representation that it has traveled but 500 miles, when the testimony tends to show that it has been driven several thousand miles, and that such driving has damaged it. We have no doubt these were questions to be submitted to the jury.

Nor can we agree with appellant's contention that there was no testimony upon which the jury could fix respondent's damages, or that the amount of the damage fixed by the jury was excessive. There was ample testimony to support the verdict.

The judgment is affirmed.

MAIN, C. J., HOLCOMB, MITCHELL, and MACKINTOSH, JJ., concur.