NASH MISSISSIPPI VALLEY MOTOR CO. *v.* CHILDRESS.

(Division B.   Jan. 20, 1930.)

[125 So. 708.   No. 28107.]

J. H. Sumrall, of Jackson, for appellant.

Cecil **F**. Travis and **Green, Green & Potter,** all of Jackson, for appellee.

Argued orally by **J. H. Sumrall**, for appellant, and by **Cecil F. Travis**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

This action was brought by appellee against appellant in the circuit court of Hinds county to recover the sum of four hundred fifty-eight dollars and seventy-five cents, damages alleged to have been suffered by appellee because of a false and fraudulent representation made by appellant to appellee in reference to a matter which was a material part of the consideration in the purchase, by appellee, of a secondhand automobile from the appellant. There was a verdict and judgment for the appellee in the sum of three hundred fifty dollars. From that judgment, the appellant prosecutes this appeal.

The following is deemed a sufficient statement of the facts of this case to develop the questions to be decided: The appellee bought, from the appellant, a secondhand Nash coupe, for which he agreed to pay the appellant the sum of one thousand dollars, of which four hundred dollars was paid at the time of the purchase by appellee trading in, as part payment for the Nash coupe, a Dodge roadster. The balance of six hundred dollars was to be paid in twelve monthly installments. One of these monthly installments was paid by the appellee. After using the Nash coupe awhile, the appellee returned it to the appellant, leaving it at the latter's place of business. In so doing, it was the appellee's purpose to rescind the contract for certain reasons not relied on by him in the trial of the case.

The ground of the appellee's case was that the appellant perpetrated a fraud upon him in falsely representing that the Nash coupe had been run, approximately, only eight thousand miles, when, in fact, it had been run many thousand more miles than that, which representation the appellee relied upon. Appellee testified that in the negotiations leading up to the purchase of the Nash coupe from appellant, the latter represented that the car had been owned by J. M. Stevens, of Jackson, Miss., and had been driven, approximately, eight thousand miles. Mrs. McNeal, another witness for appellee, testified to the same effect. The speedometer on the car showed that it had been run slightly above eight thousand miles. Parquette, a witness for the appellee, skilled in the regulation of speedometers, testified that it was not unusual for the appellant to set the speedometers back on its secondhand cars; that he had been employed by the appellant, on several occasions, to do so, and had set back speedometers for the appellant from a larger mileage to something like eight thousand miles.

The appellant denied making the representations as to the mileage of the car, but it appears undisputed in

the evidence that when the appellee purchased the Nash coupe its speedometer stood at, approximately, eight thousand miles, and the evidence is also undisputed that it had been run many thousand miles more than that.

The appellee, while testifying, admitted that he was familiar with secondhand cars, having dealt in them. The transaction between the appellant and the appellee was evidenced by the usual written contract and deferred payment notes.

The appellant contends that, even though it be true that the speedometer on the car showed a false reading of its mileage, no fraud was perpetrated upon the appellee; that the appellee had no right to rely upon a reading of the speedometer, but should have relied, alone, upon the appearance and performance of the car; and that therefore the appellant was entitled to a directed verdict.

Parol evidence is admissible to show that the making of a written contract was procured by fraudulent representations. Evidence of this kind does not vary the written contract; it destroys and avoids it. It impeaches the written contract. Its purpose is to show that there was no valid, written contract, and a provision in a written contract that it contains all the stipulations entered into by the parties does not add anything to its strength. Hirschburg Optical Co. v. Jackson, 63 Miss. 21; Henry v. W. T. Rawleigh Co., 152 Miss. 320, 120 So. 188; Ferguson v. Koch (Cal. Sup.), 268 P. 342, 58 A. L. R. 1176 and note.

One of appellant's main contentions is that the appellee had no right to rely on the speedometer and the appellant's representations as to the mileage of the car; that the appellee should have used his experience and judgment, and should have acted upon the appearance of the car and its performance; and where one party to a contract makes representations as to a fact, the party to whom such representations are made cannot rely thereon without an investigation.

A purchaser has a right to rely upon the representations of a seller as to facts within the latter's knowledge, and the seller cannot escape responsibility by showing that the purchaser upon inquiry, might have ascertained that such representations were not true. Contributory negligence is not a defense to an action based on fraud. If a false statement is made by one who may be fairly assumed to know what he is talking about, it may be accepted as true, without question and without inquiry, although the means of correct information are in reach. Ferguson v. Koch, supra; Gannon v. Hausaman, 42 Okl. 41, 140 P. 407, 52 L. R. A. (N. S.) 519; King v. Livingston Mfg. Co., 180 Ala. 118, 60 So. 143; Fosburg v. Couture, 126 Wash. 181, 217 P. 1001, 1002.

Representations with reference to the mileage of a car constitute representations of a material fact. It is a matter of common knowledge that machinery, of all kinds, will depreciate in value from wear and tear, and especially is that true of an automobile. Its secondhand value is largely dependent upon the number of miles it has gone. Fosburg v. Couture, supra, is especially in point on this question. That case involved the sale of an automobile. The representations made by the seller to the purchaser were that the car was in good mechanical condition in every way, and that it had not been run more than five hundred twelve miles. The evidence in that case showed that the car had been operated several thousand miles, and the court held that any one who had had anything to do with automobiles knew the mileage to be material. This language of the court is pertinent: "We cannot say, as a matter of law, that because a purchaser makes an independent investigation before purchasing an automobile he may not rely upon representations as to the distance the car has been operated, particularly where that representation agrees with the reading on the speedometer. Nor can we say, as a matter of law, that one has not been defrauded who purchases a car upon the representation that it has traveled

but five hundred miles, when the testimony tends to show that it has been driven several thousand miles, and that such driving has damaged it. We have no doubt these were questions to be submitted to the jury.

The appellant assigns as error the action of the court in admitting the evidence of the witness Parquette, to the effect that the appellant was in the habit of setting back speedometers on its secondhand cars.

It is a well-established rule that other similar frauds may be shown in order to show the intent with which the representations complained of were made. In all controversies involving questions of fraud, a wide range of evidence is necessarily allowed, for it is seldom that fraud can be the subject of direct, positive evidence. Usually, it is a matter of inference from facts and circumstances. Where fraud is charged, the evidence of other similar frauds perpetrated by the same person at or about the same time, and when the same motive to defraud may reasonably be supposed to have existed, and especially where the acts are all part of one general scheme or plan to defraud, is admissible. 12 R. C. L., p. 453, section 182; 2 Jones' Commentaries on Evidence (2 Ed.), p. 1151, sections 618, 619; Castle v. Bullard, 23 How. —, 64 U. S. 172, 16 L. Ed. 424. We think the testimony of the witness Parquette comes within these principles.

The evidence showed that, when the appellee attempted to return the Nash coupe and to rescind the contract, he did not know of, and therefore did not rely on, the fact that the appellant had made false representations as to the mileage of the car, but that the appellee attempted to rescind on another and different ground, and one not good in law. The appellant's contention is that the ground on which the appellee was attempting to rescind the contract, having been discovered after such attempted rescission, cannot be relied on now as a ground for rescission. There is no merit in this contention. If A attempts to rescind his contract with B on a ground

not good in law, but there exists, at the time, a ground that is good in law, A can, later, rely on the good ground and is not bound to stand on the false ground. Odeneal v. Henry, 70 Miss. 172, 12 So. 154.

The appellant has no right to complain of the judgment because it is less than the appellee sued for.

We see no ground for reversal of the judgment in this case.

Affirmed.