CITIZENS NAT. BANK OF MERIDIAN *v.* PIGFORD.

(Division B. March 23, 1936. Suggestion of Error Overruled April 20, 1936.)

[166 So. 749. No. 32166.]

518

**Wilbourn, Miller & Wilbourn,** of Meridian, for appellant.

**Graham & Graham,** of Meridian, for appellee.

526

Argued orally by **R. E. Wilbourn**, for appellant, and by **S. M. Graham**, for appellee.

**Ethridge, P. J.** delivered the opinion of the court.

Lamar Pigford brought suit against the Citizens National Bank of Meridian in the circuit court of Lauderdale county to recover one thousand three hundred

dollars and forty cents, principal and interest on two five hundred dollar bonds, Series B, Nos. 199 and 200, issued by the Central Securities Company of Asheville, N. C., which Pigford purchased from the bank on November 1, 1929. The suit was based on alleged fraud and deceit on the part of the agent of the bank in selling the bonds.

Appellee contends that the agent represented to him that the payment of the two bonds was guaranteed by the United States Fidelity & Guaranty Company and the Maryland Casualty Company, whereas, in fact, the bonds themselves were not guaranteed by the surety companies; only the mortgages which were to be the basis upon which the bonds were issued had been insured by the companies. The bank denied making the representations that the bonds were guaranteed by the surety companies, contending that the bonds themselves showed on their face that the mortgages underlying the bonds, and upon which the bonds were issued, were alone insured. Appellant also contended that it was not liable because paragraph 7, section 5136, of the Revised Statutes of the United States, as amended by Act Cong. Feb. 25, 1927, sec. 2, 44 Stat. 1226 (see 12 U. S. C. A. sec. 24, par. 7), authorized the bank to engage in buying and selling investment securities but limited the liability of the bank to selling without recourse marketable obligations evidencing indebtedness of any person or corporation, in the form of bonds, notes, and debentures, commonly known as investment securities. The bank contended in its pleadings that this question had been decided favorably to it by the case of Awotin v. Atlas Exchange National Bank, 295 U. S. 209, 55 S. Ct. 674, 79 L. Ed. 1393; but the court below held that the statute involved and the decision referred to did not apply to an action for fraud and deceit.

As an exhibit to his declaration, the appellee filed a copy of the bill filed by the Citizens National Bank and many others, through a bondholders' committee, against

the United States Fidelity & Guaranty Company in a Richmond, Va., court; he also introduced the said exhibit in evidence on the trial. Appellee testified that the bank, through its assistant cashier, Blanks, represented that the bonds themselves were secured by the two surety companies mentioned above, and that he asked Mr. Blanks if that meant that if the security company did not pay, then the surety companies would, and that Mr. Blanks answered that it did. Pigford introduced several witnesses who had bought bonds of the bank issued by the same security company; they testified that Blanks, the assistant cashier, had made substantially the same statements to them, but the statements made to these other witnesses were not made in the presence and hearing of Pigford and were not communicated to him prior to his purchase of the said bonds. This testimony was objected to and the objection overruled. The assistant cashier denied that the alleged representations were made to each of the witnesses.

Appellee introduced one E. J. Gallagher, an auditor who, after default was made in the bonds, went to North Carolina where the Central Securities Company was domiciled. He made an examination of the condition of the Central Securities Company and of the Central Bank & Trust Company, the trustee of the Central Securities Company, and testified that the said bank and securities company were then insolvent, and had been in failing condition prior to the time the bank sold the bonds to Pigford. This testimony was likewise objected to and admitted over objection.

In the case of Bullard v. Citizens' National Bank, 173 Miss. 450, 162 So. 169, we held that the statute there involved did not exempt the bank from liability for fraud and deceit or fraud and other torts, and we have, this day, in the case of Citizens' National Bank v. Golden, 166 So. 745, reaffirmed the opinion there rendered, and referred to other authorities in accord with that decision. We feel quite sure that in enacting the statute enabling

the bank to deal in bonds, notes, and other securities without liability as indorser or guarantor, or without any contractual liability, Congress did not mean to exempt the bank from misrepresentations of existing facts, which misrepresentations would deceive a purchaser into buying such notes, bonds, or other securities; it meant that the bank through no contract of suretyship or guaranty or indorsement could incur liabilities; that it could only deal in a contractual way, without recourse. While some of the language used in the case of Awotin v. Atlas Exchange National Bank, supra, might imply exemption from other than contractual liability, express or implied, we think the opinion is to be interpreted in the light of the facts of the case, and that the principles announced in Smith v. First National Bank of Casselton (C. C. A.), 268 F. 780, are sound and are applicable to the present statute. The Supreme Court of the United States must have considered the opinion of the Circuit Court of Appeals in 268 F. 780 correct, for it refused a certiorari to review the decision on appeal. 254 U. S. 655, 41 S. Ct. 218, 65 L. Ed. 460.

We do not think it was error for the court to refuse to strike Exhibit A from the declaration. The declaration to which this bank was a party showed that the bank either had not made an investigation as claimed when selling the bonds, or if it had made such investigation that it would have learned facts which would inform it that the investment was not a sound one. We also think that this declaration, although some of the exhibits to it were not introduced in evidence, was competent for the proposition for which it was offered, as it is not shown that the exhibits, so far as this suit is concerned, would have had any bearing on the admissibility of the pleading. We also think it was competent to show by the witnesses Gallagher that he had made a thorough investigation of the affairs of the Central Securities Company and the Central Bank & Trust Company to ascertain their condition at the time of the investigation

and prior thereto. His testimony was competent to show the lack of value of the bonds purchased from the bank at the time of the institution of this suit and at the time Pigford acquired knowledge of the fact. We think his testimony tended to show that the bonds were practically worthless at the time they were sold to him, although it did not show that the bank knew at that time that the bonds were worthless or of the facts then existing. In determining the value of bonds considerable latitude is allowed, and evidence having a tendency to show that they are worthless, or greatly less than their face value, is competent as a circumstance on the issues involved.

We also think that the measure of damages, or right of the appellee to recover, was based upon the period at which he learned that the bonds were repudiated, and that the representations alleged to have been made to him by the bank were untrue. We think this conclusion is sustained by the decision of this court in Mississippi Power Co. v. Bennett, 173 Miss. 109, 161 So. 301, wherein the power company, through agents, sold Bennett stock in the corporation under certain representations set out in the opinion; Bennett did not know of the untruth of the representations for a long period of time, although he had the certificates of stock in his possession which would give the information or lead to sources from which the real facts concerning the stock could be secured. The point was there made that laches and neglect to read the bonds and inform himself precluded a rescission of the contract or the right of Bennett to recover in an action for fraud and deceit. The court held that where representations were made as facts, the party had a right to rely upon the representations and was not charged with the duty to make an investigation until default was made or until some knowledge came to him indicating that the representations were not true in fact and were fraudulently made. Sufficient authorities are set out in that decision to show the court's position on the question here involved. On learning that the rep-

resentations made to him were not true, Pigford had a right to demand a return of his money, and the measure of damages is governed by the conditions and values of the bonds then existing, considered with reference to purchase price; or, in other words, he was entitled to recover the purchase price less the then value of the bonds on the return or tender of such bonds.

The bank contended that it was error to receive the testimony of other parties who bought bonds from the same salesman, the assistant cashier, at other times, and at which times Pigford was not present and the representations then made not communicated to him. In Nash Mississippi Valley Motor Co. v. Childress, 156 Miss. 157, 125 So. 708, we held that in cases of fraud other representations near the time involved in the suit, and made by the same person about the same subject-matter, were admissible as circumstances tending to show fraud. In that case a speedometer had been set back on a used car, and the facts were misrepresented about the mileage on the car. The plaintiff offered evidence by other witnesses to show that it was the habit of the motor company to set speedometers back so they would not reveal the true mileage, and the court held that such evidence was competent. This holding was reaffirmed in the case of Lizana v. Edwards Motor Sales Co., 163 Miss. 266, 141 So. 295.

Language from the case of Nash Mississippi Valley Motor Co. v. Childress, supra, is set forth in the case of Citizens National Bank v. Golden, 175 Miss. 508, 166 So. 745, this day decided. We there distinguished the case of Rex Motor Car Manufacturing Co. v. Dupont, 132 Miss. 504, 96 So. 684, wherein the court held that it was reversible error to admit the testimony of other salesmen than the one involved in the suit, and also statements of that salesman to other people at other times and places and not in the presence of Dupont. The Rex Motor Car Manufacturing Company v. Dupont Case is correctly decided, in our opinion, on its facts, and nothing said

in Nash Mississippi Valley Motor Co. v. Childress, supra, conflicts with the holding of the prior case. We think each case is proper on its own facts, and that there is no inconsistency in the doctrine of the two cases, but the Nash Mississippi Valley Motor Co. v. Childress Case is controlling in this case.

We have examined the refused instructions complained of, and also the instructions given for both parties, and are of the opinion that the given instructions constituted a sufficient announcement of the law, and that there is no reversible error in the action of the court in giving or refusing any of the instructions. The judgment is therefore affirmed.

Affirmed.