CITIZENS NAT. BANK OF MERIDIAN *v.* ALLEN.

(Division A. April 27, 1936.)

[167 So. 627. No. 31992.]

Wilbourn, Miller & Wilbourn, of Meridian, for appellant.

Graham & Graham, of Meridian, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

In November, 1929, the appellee purchased from the appellant a negotiable bond issued by the Central Securities Company of Asheville, N. C., promising to pay to the bearer the sum of one thousand dollars on March 1, 1939, serial coupons for the interest thereon being attached thereto.

In December, 1930, the Central Securities Company was placed in the hands of a receiver, and the evidence discloses, or rather the jury was authorized in believing therefrom, that its bonds then were, and now are, worthless.

After discovering this fact, the appellee sued the appellant for damages sustained by her because of the purchase of the bonds, alleging that the officer of the bank who sold the bond to her stated to her, at the time of the purchase, on which statement she relied, that the payment of the bond was guaranteed by two surety companies, which was not true.

The evidence as to whether this statement was made is in conflict, but the jury accepted the appellee's version thereof.

One of the appellant's complaints is that the court below should have granted its request for a directed verdict, (a) for the reason that the proviso to paragraph 7, section 5136 of the Revised Statutes of the United States, as amended on February 25, 1927 (44 Stat. 1227), prevents the appellant from becoming liable to the appellee for any damages sustained by her because of the purchase of the bond, and (b) for the reason that the evidence does not disclose that the bond was worth less than its par value at the time it was purchased by the appellee. The federal statute referred to provides "that the business of buying and selling investment securities [by a National bank] shall hereafter be limited to buying and selling without recourse marketable obligations

evidencing indebtedness of any person . . . or corporation, in the form of bonds, notes and/or debentures, commonly known as investment securities.''

In the case of Awotin v. Atlas Exchange Nat. Bank of Chicago, 295 U. S. 209, 55 S. Ct. 674, 676, 79 L. Ed. 1393, the Supreme Court of the United States held that the words ''without recourse,'' as here used, are broader than the ''technical legal significance in which they are used to limit the liability of an indorser of negotiable paper,'' and that they constitute ''a prohibition of liability, whatever its form, by way of 'recourse' growing out of the transaction of the business.'' The question then before the court was the liability of a national bank on its promise to a purchaser of securities sold him to repurchase them at par and accrued interest, which promise the court held was within the prohibition of the statute.

The question here is the liability of a national bank because of fraudulent representations by which it induced one to purchase securities from it. While the language from the court's opinion just quoted may be broad enough to cover such a case, Division B of this court held in Bullard v. Citizens' National Bank, 173 Miss. 450, 160 So. 280, 162 So. 169, that the statute does not apply to such a case, and that the Supreme Court of the United States, in the Awotin Case, supra, did not intend to so hold. The question is not without difficulty, and its ultimate answer rests with the Supreme Court of the United States.

The only evidence of the value of this bond at the time of its purchase is that the bonds of the Central Securities Company were selling at par, and we will assume, but merely for the purpose of the argument, that ordinarily the time at which the damage sustained by the purchaser of property fraudulently induced to purchase is the date of the purchase, but if such is the rule, it does not apply here. It is clear from the evidence, that the appellee purchased the bond as an investment,

which fact was known to the appellant, indicating to it that she would probably retain the bond until its maturity. In such cases the damage is to be computed as of the time the fraudulent representations ceased to be operative, and that time here was when the Central Securities Company went into the hands of a receiver, and the appellee discovered that its bonds were not guaranteed by a surety company or companies. 4 Suth. on Damages (4 Ed.), p. 4409. This will dispose also of the appellant's complaints as to instructions fixing the measure of the appellee's damages.

It appears from the testimony that the insolvency of the Central Securities Company, and the absence of value in the securities issued by it were brought about by the fraudulent conduct of the securities company unknown to the appellant. The court refused to grant its request for the following instruction:

"The court instructs the jury for the defendant, Citizens National Bank of Meridian, that if they believe from the evidence in this case that whatever loss, if any, the plaintiff, Miss Allen, has sustained or may sustain is proximately due to the fraud and manipulation of Central Bank & Trust Company and Central Securities Company and that such fraud was concealed and did not come to light until after Central Bank & Trust Company closed on November 19, 1930, then it will be the duty of the jury to find for the defendant."

This instruction might well have been given in order to prevent the jury from charging the appellant with the fraud of the Central Securities Company, but its refusal would not constitute reversible error, for the other instructions clearly informed the jury that the appellant's liability depended solely upon the jury's finding that it made the false representations hereinbefore set forth.

Over the objection of the appellant, the appellee introduced several witnesses who testified that they had purchased securities from the appellant, which then repre-

sented to them that the securities of the Central Securities Company were guaranteed by two surety companies. The ground on which the appellee says this evidence is admissible is that the intent with which the appellant made the representations is material. In other words, that her recovery depends upon the representations having been made with fraudulent intent, and she invokes the rule exemplified by Nash Mississippi Valley Motor Co. v. Childress, 156 Miss. 157, 125 So. 708, United States F. & G. Co. v. Citizens' State Bank, 150 Miss. 386, 116 So. 605, and Bernheim v. Dibrell, 66 Miss. 199, 5 So. 693. The intent with which the appellant made the representations here in question is of no consequence. It is liable even though such representations were made in good faith, if, in fact, they were false, Bullard v. Citizens' National Bank, 173 Miss. 450, 160 So. 280, 162 So. 169, but the appellant's challenge to the competency of this evidence was ruled against it in the companion case of Citizens National Bank of Meridian v. Lamar Pigford (Miss.), 166 So. 749, recently decided.

After the Central Securities Company became insolvent and went into the hands of a receiver, a suit was filed in a Virginia court by numerous persons, among whom was the appellee, the nature of which and the parties defendant thereto being here of no consequence. Over the objection of the appellant, the bill of complaint in this suit was introduced in evidence by the appellee. This evidence should not have been admitted, for no aid was thereby given in the solution of the question here involved, but the error thereby committed did not sufficiently prejudice the appellant to justify a reversal of the decree.

Affirmed.