### NU-ENAMEL PAINT CO. v. NU-ENAMEL CORP.

No. 13442.

United States Court of Appeals
Fifth Circuit.

Nov. 13, 1951.

A. Walton Nall, Atlanta, Ga., for appellant.

E. W. Moise, Atlanta Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and STRUM, Circuit Judges.

JOSEPH C. HUTCHESON, Jr., Chief Judge.

The suit was on a promissory note for $39,000, given by the defendant to plaintiff and not paid when due. Defendant admitted the execution of the note, but denied that it owed plaintiff any sum on account thereof. By counter-claim it sought to cancel: the note sued on; another note of the same. date for the sum of $75,000, which had been given in renewal of an earlier note for $134,590.39, dated October 28, 1947 and due March 31, 1948, on which $20,000 had been paid; and an open account for $9,278.28.

The basis of the defense and of the counter-claim was: that the note of $134,-590.39 had been given in payment of the purchase price of Nu-Enamel Paint Products; and that the open account arose from. the same kind of shipments after a contract attached to the answer had been executed by the parties under circumstances, and as the result of representations,[1] entitling it to, the relief sought.

1. The allegations in substance were: that Moore, with whom the contract was made, was inexperienced in the paint business and that he relied upon the statements and promises which had been fraudulently made to him by plaintiff; that, as a re-

As a second defense and counter-claim, defendant, realleging the matters above set out, sought to reform the contract in the particulars set out, and, on the basis of the reformation, to recover the losses sustained less the notes sued on.

Plaintiff moved: to strike and dismiss the first defense and counter-claim and the second defense and counter-claim; and for a more definite statement; and the motion coming on to be heard, the district judge, in a careful and thoughtful opinion, citing and quoting from many Georgia cases,[2] drew the distinction between a claim for recision and one which, as here, affirms the contract and seeks damages.

So drawing it, he held that where, as here, an agreement has been reduced to writing and the writing stipulates that it contains the entire agreement, a defendant, in a suit on a purchase money note, given pursuant to the agreement, will not be permitted, while affirming the contract, to plead and recover damages by way of failure of consideration by showing that the seller had made false and fraudulent representations with reference to the subject matter of the sale unless he goes further and shows that he had been fraudulently induced and deceived into signing the note *under a misrepresentation as to its contents.*

The motion to strike the first defense and counter-claim was granted with the right to amend in the respect indicated within thirty days.

As to the second defense and counter-claim, which, adopting the allegations of misrepresentation and fraud, and seeking reformation of the contract of purchase, likewise affirmed, by its allegations and prayers, the existence of the contract, the court held that it could not be said that it affirmatively appeared from the allegations that there was not a mistake of fact or that there was not a pre-existing agreement which was, as a result of such mistake of defendant and alleged fraud of complainant, omitted from the instrument actually executed.

The motion of the plaintiff for a more definite statement as to the second defense and counter-claim was, therefore, granted, and the defendant was ordered, within thirty days, to file an amendment, if such could be rightfully done, clarifying whether it was actually contended that there was an existing agreement between the parties prior to the execution of the contract, contrary to its expressed written terms, and if so, what such an agreement embraced.

Thereupon the defendant, seeking to supply the omissions, filed an amended answer and counter-claim, and added a third defense in which it charged: that when the balance of the $134,590.39 note was falling due, the defendant indicated an unwillingness to pay it because of the misrepresentations and withholding of material facts which had been acted upon by the defendant to its injury, and notified the plaintiff that it intended to cease doing business with it and take action to recover its losses; that a conference was held and a new agreement was made in consideration of the promises then made by plaintiff to defendant, the new agreement embracing a clause that the renewal notes, if executed, would not be required to be paid except out of commissions; and that the defendant believed these representations, and renewed the notes in reliance thereon.

Plaintiff then moved to strike and dismiss the answer as amended, and the district judge filed what he called findings of fact and conclusions of law, but in effect an opinion on the motions to strike. In it, relying upon the Georgia decisions, some of which are cited in note 2, supra, he held that the amendments had not removed the defects in the original pleading. Adhering to the views announced in the earlier opin-

sult of those fraudulent statements which turned out not to be true and promises which were not fulfilled, defendant suffered heavy losses; and that, because thereof, he was entitled not only to be relieved from the payment of the notes but to recover additional damages.

2. Among them: Butts v. Groover, 66 Ga. App. 20, 16 S.E.2d 894; Walton Guano Co. v. Copelan, 112 Ga. 319, 37 S.E. 411, 52 L.R.A. 268. Case Threshing Machine Co. v. Broach, 137 Ga. 602, 73 S.E. 1063.

ion: that, where a contract contains a provision such as the one this contract contained,[3] a defendant, sued on a note given pursuant to it, may not while affirming the contract and claiming damages under it, plead misrepresentations inducing him to enter into it, unless he goes further and shows that he was fraudulently induced and deceived into signing the contract *under a misrepresentation as to its contents;* the district judge, on the basis of the views set out and the authorities[4] cited in his opinion,[5] sustained plaintiff's motion and gave judgment for plaintiff.

■ Defendant is here insisting that it was error to so rule. We do not think so.

A careful examination and consideration of the authorities marshalled by both plaintiff and defendant leave us in no doubt that the law of Georgia was correctly applied in the court below to the facts alleged and that if the cases from other states[6] cited by appellant do hold differently, they will not avail.

The principle given effect to below is that in Georgia one who signs a contract containing a clause like the one in question here cannot affirm it and seek damages based upon the claim that the clause is not a true recital and that the contract was other than it purported in writing to be.

■ While it is true that in Georgia, if recision is sought, fraud in inducing the contract may be shown and be the basis of relief from it, it seems to be equally true that one cannot sign the contract and thereafter, continuing to affirm it, base a claim for damages upon the ground that a representation or promise on which he relies, but which is not contained in the contract, entitles him thereto.

The judgment is affirmed.

3. "It is mutually understood that this agreement supersedes and voids any and all other agreements between the parties hereto or between the Buyer and any other party covering the distribution of said products in said territory, and before executing same the Buyer has read and fully understands each and every provision and condition thereof, and that no representations, verbal or written, expressed or implied, other than those herein contained, shall be valid or binding on the Seller of said products, and shall not be valid until approved by the Seller in writing * * *".

4. Some of which are: Biggers v. Equitable Mfg. Co., 124 Ga. 1045, 53 S.E. 674; Purser v. Roundtree & McAfee, 142 Ga. 836, 83 S.E. 958; Hunt v. Hardwick, 68 Ga. 100; Fowler v. Britt-Carson Shoe Co., 137 Ga. 40, 72 S.E. 407.

5. The opinion in substance declared and held: that there is no allegation of any fraud or misrepresentation as to the contents of the contract, and no allegation of any trick or artifice in inducing the defendant to sign it; *that the defendant signed the contract knowing what was in it,* and received delivery of the contract; and that he retained it for some nine months before discovering the alleged omissions.

It further declared: that it is well established by the decisions that in making the payments and giving the notes in renewal, the defendant waived any fraudulent misrepresentations inducing it to enter the contract and execute the notes, and is barred thereby from pleading the fraudulent misrepresentations.

As to the allegation that the fraud of the complainant consisted in a failure on its part to tell the defendant that the additional provisions had not been inserted in the contract, the opinion declared: that the allegations do not constitute a pleading of mistake sufficient to be the basis for a reformation of a contract; that the defendant, knowing exactly what it signed, received the contract in the form in which it was signed, failed to examine it, and retained it for many months during which both of the parties acted on the contract; that parties may not sign contracts, fail to return them and then cause them to be reformed on the ground of mistake even when there is a mistake; that the allegations added by amendment as a third defense do not constitute a defense; that the note sued upon is an unconditional promise in writing to pay its sum; and that such an unconditional promise in writing may not be so varied by any oral agreement, citing Dendy v. Gamble & Copeland, 59 Ga. 434.

6. Such as: Arnold v. National Aniline & Chemical Co., 2 Cir., 20 F.2d 364, 56 A.L. R. 4. (New York); Nash Mississippi Valley Motor Co. v. Childress, 156 Miss. 157, 125 So. 708; Free Sewing Machine Co. v. S. T. Atkin Furniture Co., Tex. Civ.App., 71 S.W.2d 604.