## PARKER *v.* LAUBENHEIM.

Nov. 10, 1952

No. 38527     7 Adv. S. 21     60 So. 2d 815

*Torrey & Forman* and *L. C. Gwin,* for appellants.

*Dent, Ward & Martin,* for appellee.

ALEXANDER, J.

Bill was filed by appellants to cancel a mineral deed executed to appellee on the ground that the instrument was procured by fraud and misrepresentation. With his answer, appellee filed a cross bill praying that his title to the minerals be decreed in him. From a decree dismissing the bill and sustaining the prayer of the cross bill, this appeal is taken.

It is assigned for error that the decree of the chancellor is not supported by the testimony and is manifestly wrong. Although there is frequent contradiction, we must construe the testimony in a light favorable to the appellee and from the record we find that the testi-

mony supports the view that the mineral deed was executed at the same time as a mineral lease covering identical property. Both instruments were signed by the appellants, who are husband and wife, and acknowledged by them. Mrs. Parker testified that she read the papers aloud to her husband but that she understood that the mineral deed was only a copy of the lease. The two instruments are dissimilar in appearance and are separately designated as to their import. The acknowledgment of the lease was provided on the reverse side thereof, whereas the mineral deed designated as a Royalty Conveyance contained only one sheet and was acknowledged at the bottom thereof. The party procuring these instruments testified that separate considerations were paid for the respective instruments and that he explained the nature and import of each to the appellants, that there was no fraud and no concealment. At the same time he also procured an instrument entitled "Affidavit of title and possession" which was also signed and acknowledged by the same officer who acknowledged the other instruments.

(Hn 1) We are unable to find any basis for adjudging that the finding of the chancellor was manifestly wrong. We must not be dissuaded by considering the possibility, or even probability, that such mineral conveyances may be thus procured by misrepresentation, especially since it is elementary that proof of fraud must be clear and convincing. See Koenig v. Calcote, 199 Miss. 435, 25 So. 2d 763.

It is also assigned for error that the court excluded certain testimony sought to be adduced by the appellants. In examining the acknowledging officer, the following question was asked: "On other occasions state whether or not, Mr. Murray, in your dealings with Mr. Burrage that any purchase was ever made of royalty interest from other parties." This question was ob-

jected to and the following grounds of objection were assigned: ''We want to show he was with this party, in the community, taking oil and mineral leases. The purpose is to show there was a definite understanding when and where royalty transactions were involved, that additional considerations were paid in the royalty transactions and altogether contrary to this transaction. This man was with Mr. Burrage, taking these acknowledgments in the community where these people lived, and we want to show by this witness in carrying out this work with Mr. Burrage on occasions when royalty interest was mentioned, it was brought out in the open and additional consideration was paid for the royalty other than the consideration paid for a lease. This man was with him and can testify to that.'' Although the question asked proposed to elicit an answer which would have been without prejudice, it furnished an occasion for the offer of further proof. It was the proposed testimony which was to follow which was held to be incompetent. **(Hn 2)** Conceding the rule that fraudulent intent may be shown by similar transactions conducted by the defrauding party, it will be seen that the purpose of the proposed testimony was not to show that Mr. Burrage had utilized fraudulent methods or manipulations on similar occasions, but on the other hand the declared purpose was to show that on such occasions royalty interests were acquired along with mineral leases in a frank and open manner. In this respect, the case differs from Nash Mississippi Valley Motor Company v. Childress, 156 Miss. 157, 125 So. 708, where evidence was admitted to show that the seller of an automobile was in the habit of defrauding purchasers by setting the speedometers on its used cars. A similar principle is illustrated in the cited case of Citizens National Bank of Meridian v. Pigford, 176 Miss. 517, 166 So. 749. The attempt, in the instant case, was not to show other alleged fraudulent procedures but rather those

that were different from that alleged to have been followed here.

Affirmed.

*Roberds, P. J.,* and *Hall, Holmes* and *Arrington, JJ.,* concur.