■ In the Matter of the Estate of JULIUS LEMLE, Deceased. BERTHA LEMLE et al., Respondents, BLANCHE L. DREIFUS et al., as Exescutors of JULIUS LEMLE, Deceased, et al., Appellants. — Order entered January 12, 1968, striking affirmative defenses unanimously reversed on the law, with $50 costs and disbursements payable out of the estate to all parties filing briefs, and motion to strike denied. In a proceeding by a widow to elect to take against the will, the petitioner, being faced with an antenuptial agreement, seeks to avoid it on the ground of fraud. The respondent executors have pleaded estoppel and laches. An antenuptial agreement is a contract and an action to avoid it is subject to the same defenses as any other contract. It may well be that due to the nature of the contract the same facts that would establish either estoppel or laches in a suit on another type of contract would not prevail, but this does not affect the availability of the defenses. Concur — Stevens, J. P., Eager, Steuer, Tilzer and McGivern, JJ. [55 Misc 2d 640.]

■ JENNIFER A. VAUGHN-REES et al., Respondents, v. JOHN W. CONNOLLY, JR., Appellant. — Order, entered December 29, 1967, unanimously reversed, on the law, and the verdict of the jury in favor of the defendant reinstated, with $50 costs and disbursements to the appellant; interlocutory judgment entered February 20, 1968 vacated. The jury was presented with factual disputes as to the infant plaintiff's knowledge of the 17-year-old defendant's lack of a license to drive an automobile, as to whether plaintiff assumed the risk of defendant's inexperience and as to whether it was the defendant's want of skill which was the proximate cause of the accident. The court recognized that the resolution of these issues was for the jury when it denied defendant's motions to dismiss, saying " I believe it's a question of fact for the jury. I will leave it for them to determine negligence and contributory negligence. " Nevertheless, the triers of the facts having rendered a verdict for the defendant, the verdict was set aside as against the weight of the credible evidence and, despite the absence of a motion by the plaintiffs for a directed verdict, a verdict was directed in favor of plaintiffs. The jury having reached a determination upon an interpretation of the matters concededly within its sphere, its verdict should not have been set aside because the court drew conclusions from the facts different from those fairly drawn by the jury. (*Sherman* v. *Smith*, 23 A D 2d 642, app. dsmd. 17 N Y 2d 547.) In view of the foregoing disposition, that branch of the appeal by defendant from the order setting aside the verdict of the jury on damages as inadequate becomes academic. Concur — Steuer, J. P., Capozzoli, Tilzer, Rabin and Macken, JJ.