## C. HARRIS et al. *vs.* W. A. RANSOM.

Where there is no eviction, and the [party is in possession under covenants of warranty, it is the well settled doctrine of this court, that a party cannot defend upon the ground of any defect in the title to land.

It was evidently the intention of the legislature, (Hutch. Code, 677, art. 12, § 1,) that in an order for the sale of land by the probate court, notice should be given to the parties interested by service of citation, where they are within the reach of the process of the court; and the only object in requiring publication to be made in two newspapers, was to give notice to those upon whom actual service of citation could not be had, and who might be affected by the decree of the court.

The decree recites, that "all persons in anywise interested," &c., were cited, and that the cause was heard upon the petition of the executor, and the answer filed by the heirs at law of the testator; and *held*, that this shows that all parties interested had actual notice, and appeared in court.

This was all the law requires in order to enable the court to make a valid decree.

An order of publication in newspapers is only required as part of the notice to be given, but is unnecessary when personal service can be had; and this case is thus far consistent with the statute.

The statute has given specified directions as to the length of time and mode of giving notice of sale; and the executor was bound to observe these without an order of court, and there appears to be no irregularity in the decree ordering the sale.

It was incumbent on the party seeking to make void the sale, to successfully impeach the sale or title; and having failed to do so, the court will presume the statute has been complied with.

A party who seeks a rescission of a contract, or attempts to make void the performance of an obligation upon the ground of fraud, is required not

Harris et al. *v.* Ransom.

only to prove the existence of the alleged fraud, but that he has sustained an injury arising therefrom.

The defendant in the court below being in the quiet possession of the land, unless the lien for the purchase-money remained, he could not have suffered any injury, for his title on the record appears perfect.

He could not successfully defend upon the ground that he had been induced to make the purchase by fraudulent or mistaken representations of his vendor, for he must also show that the statutory lien, which was the subject of the fraudulent concealment, was still existing, or that he had been induced to take a defective title. ·

In error from the circuit court of Holmes county; Hon. Robert C. Perry, judge.

The facts of the case are fully set out in the opinion of the court.

*Dyer & Hooker*, for appellants.

*Brooke*, for appellee.

Mr. Chief Justice SMITH delivered the opinion of the court.

This was a suit brought in the circuit court of Holmes county, upon a note made by the plaintiff in error. The note was given in part to secure the purchase-money of a tract of land, of which one Bussey was the vendor. The land, as it appears, was sold at public auction by the executors of Pollard H. Coats, under a decree of the court of probates, and by the said Bussey purchased, who afterwards conveyed the same, with general covenant of warranty, to plaintiff in error. The defence to the action in the court below went upon the ground of failure of consideration in the note, arising from the defect alleged to exist in Bussey's title to the land, derived from Coats' executor, and on the fraud said to have been committed by Bussey in the sale made to plaintiff in error.

There was no eviction; and the plaintiff in error was in possession under covenants of warranty. Hence, upon the well settled doctrine of this court, he could not defend upon the ground of any defect in the title. 8 S. & M. 727; 11 Ib. 205; 12 Ib. 679; 13 Ib. 582.

43 *

It was proved on the trial, that Bussey assured the plaintiff in error that the land in question was unincumbered; that he could make a clear title thereto; and that, upon such assurance, the land was purchased by him. It becomes, therefore, important to ascertain whether the proofs in the cause show Bussey's title to be defective; for otherwise there would be no pretence for charging him with fraudulent, or even mistaken respresentations in regard to his title.

The evidence offered to establish the invalidity of Bussey's title, was the decree in the court of probates, ordering a sale of the land by the executor of Coats. By that decree it appears, that the notice of the application for the order of sale was published in but one newspaper, whereas, as it is insisted, the notice should have been given by publication in two of the most public newspapers of the State. This omission, it is contended, rendered the decree of sale invalid; and that, consequently, no title could be acquired by a sale made under it. The statute in reference to this point is as follows: " It shall be the duty of the administrator, executor, guardian, or other person making such application, to advertise in two of the most public newspapers printed in the State, for a period of six succeeding weeks, a notice to all persons interested in such lands, tenements, and hereditaments, specifying the same particularly in said notice, to appear at the court at which such citation is made returnable, to show cause, if any they can, why said lands, &c., shall not be sold, and upon the return of such citation executed, if the persons to whom it is directed reside in the said State, or upon proof of such publication as aforesaid, the said court is hereby authorized," &c. Hutch. Code, 577, art. 12, § 1. From this it is evident, that it was the intention of the legislature that notice should be given to the parties by a service of the citation, where they were within the reach of the process of the court. The only object in requiring publication to be made in two newspapers, was to give notice to those upon whom actual service of the citation could not be had, and who might be affected by the decree of the court. Hence, upon the return of the citation, executed proof of publication is dispensed with.

The decree shows that publication was made in but one

Harris et al. v. Ransom.

newspaper. That alone would be insufficient; unless it were also shown that the parties interested in the land had actual notice. This, we think, sufficiently appears. The decree recites, that "all persons in anywise interested," &c., were cited; and that the cause was heard upon the petition of the executor, and the answer filed by the several heirs at law of the testator. Thus clearly showing, as we understand the record, that the parties interested had actual notice, and appeared in court; which was certainly all that was necessary in order to enable the court to make a valid decree.

It was further contended, that the sale made by the executor was void, consequently that the purchaser acquired no title. This objection is based upon the assumption, that the directions of the statute, in another respect, were not complied with. The decree, it is said, directs the executor to give notice of the time and place of sale, by publication in a newspaper, for three weeks successively, and by advertisements for the same period of time; whereas, the statute requires the advertisements of the time and place of such sales to be put up at three or more public places in the county, at least forty days before the time of sale. This objection appears not to be well taken in point of fact. The decree does not direct the sale to be made on notice of three weeks. It directs that the executor shall give notice, by publication in a newspaper for three weeks previous to the day of sale. Publication in a newspaper is only part of the notice required to be given.

So far, the order of the court, altogether unnecessary, was consistent with the directions of the statute. As to the length of the notice to be, given by putting up the advertisements of the time and place of the sale, nothing is said in the decree. We apprehend that it was unnecessary. The law has given specific directions as to the length of time and mode of giving notice. These the executor was bound to observe without an order of court. We perceive no illegality in the decree ordering the sale. Hence, if the sale was void and conveyed no title to Bussey, it was in consequence of some act performed or omitted subsequent thereto. The record before us contains the decree rendered in the court of probates, ordering a sale of

the land, and nothing more. Hence, in the absence of the whole record, we cannot presume that such irregularities occurred subsequent to the order of sale, as would render the sale itself void. It was incumbent on the defendant in the court below, to make good his impeachment of the title. Having failed to do that, the opposite conclusion follows. So far, therefore, as the representations of Bussey had reference to the title derived from the executor of Coats, they constitute no ground on which to base a charge of fraud. But the evidence shows that the plaintiff in error purchased under an assurance from the vendor, that the land was unincumbered, which was not true, as it was subject to a lien for the unpaid purchase-money. Admitting that the concealment of the fact, that the land was incumbered, was an act of fraud, was the plaintiff in error thereby discharged from his obligation on the note, without further proof that the statutory lien in favor of the executor of Coats, still existed against the land? We think not.

A party who seeks a rescission of a contract, or who attempts to avoid the performance of an obligation, upon the ground of fraud, is required not only to prove the existence of the alleged fraud, but also that he has sustained an injury arising therefrom. *Davidson* v. *Moss*, 5 How. 673; *Thompson* v. *Hall*, 1 S. & M. 443; *Davidson* v. *Moss*, Ib. 112.

The plaintiff in error was in quiet possession of the land under covenants of warranty, and unless the lien for the purchase-money remained there was no pretence for saying that he had suffered any injury, for, otherwise his title, for aught that appears on the record, was perfect. Hence upon the principle above stated he could not successfully defend on the ground alone that he had been induced to make the purchase by the fraudulent or mistaken representations of his vendor. It was incumbent on him to go further, and to show that the statutory lien, which was the subject of the fraudulent concealment, was still existing; or in other words, to prove that in consequence of the fraud practised he had been induced to take a defective title.

The instructions which were requested by the defendant in the court below, and refused, and the instructions which were

given at the instance òf the plaintiff, were made the subject of comment in the argument of this cause. What we have above said, is sufficient to show that the court did not err in granting or withholding those charges. We deem it, therefore, unnecessary to notice them specially.

Let the judgment be affirmed.