### STONE v. POUNDS et al.

[88 South. 629, No. 21857.]

1. FRAUD. *Measure of damages for false representations as to terms of case.*

In a suit for deceit and false representation as to the terms of a lease of a building, the party deceived and ousted by the owner before the expiration of the term for which it was leased, the measure of damages is the difference in value of the lease at the time of the ejectment and the amount that would have been paid as rent for the remaining part of the term, such being the actual damages contemplated where the claim is only for general damages.

2. APPEAL AND ERROR. *Where proof fails to establish damages in suit for deceit, reversal for new trial will be ordered.*

Where the proof fails to establish with reasonable certainty the amount of damages suffered by the injured party in a suit for deceit in a rent contract, reversal for a new trial will be ordered.

APPEAL from circuit court of Alcorn county.

HON. C. P. LONG, Judge.

Action by C. J. Pounds and others against H. M. Stone. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

### ON SUGGESTION OF ERROR.

### STONE v. POUNDS et al.

[89 South. 652, No. 21857.]

FRAUD. *Measure of damages for false representations as to terms of lease.*

In a suit for deceit and false representation as to the terms of lease of a building, the deceived party may recover as damages the difference in the actual value of the lease, at or about the

time of its execution, and the amount that he would have paid as rent for the property; such being the actual damages contemplated by the parties, and the rule being that the deceived party is only entitled to be made whole in the transaction, as of its date.

On Rehearing. Former opinion (88 So. 629) modified, sustained in part, and overruled in part.

*W. C. Swheat* and *W. D. Conn*, for appellant.

Taking these propositions up in their inverse order we say that there is no testimony in this record that would warrant the jury in finding any damages whatever, save nominal damages. Conceding that Stone made the representations to appellee that he is alleged to have made, that is, that he had a lease for only a little more than four years. That being in effect, the verdict of the jury, what damages under the evidence in this record were the appellees entitled to recover? The following seems to be the rule by the weight of authorities:

The proper measure of damages in actions for fraud or deceit in the sale or exchange of property is the difference between the actual value thereof and what its value would be had the property been as it was represented to be at the time and place of the sale or exchange, as the case may be. 12 R. C. L., p. 452, sec. 198; note, Ann. Cases, 1913E, p. 274.

The minority rule seems to be that the measure of damages is the difference between the actual value of the thing purchased and the price paid therefor. It seems that in this jurisdiction the majority rule prevails and that the only damages that the appellee could have been allowed to recover under the law, in addition to the difference between the actual value of the thing and what the value would be if it had been as represented, are such losses as actually and naturally resulted from the fraud. *Estell* v. *Myers*, 54 Miss. 174.

W. J. Lamo, for appellee.

The rule as to the measure af damages sustained by a great majority of all-the courts of last resort is anounced in 20 Cyc., p. 130, which is as follows: "The general rule of damages in cases of fraud is that the party defrauded is entitled to recover the amount of the loss caused by the fraud of the other party, or as it has been expressed, plaintiff is entitled to recover damages adequate to the injury which he has sustained. Plaintiff can recover the entire amount of his loss occasioned by the fraud, but the recovery must be limited to the actual loss sustained by reason of the fraud. The expense incurred by plaintiff on account of the false representations may be the proper measure of damages to be recovered.

We wish to call the court's attention to the abundant citations of authorities cited by the text sustaining this contention. This doctrine was cited with approval by this court in the case of *Blyther* v. *Simmons et al.,* 107 Miss. 510.

In 12 R. C. L., page 451, sec. 196, the text says: "As a general rule one injured by the commission of a fraud is entitled to recover such damages as will compensate him for the loss or injury actually sustained, and as will place him in the same position that he would have occupied had he not been defrauded."

The following decisions support this contention: *Foster* v. *Kennedy,* 38 Ala. 359; *Stokes* v. *Converse,* 153 Iowa 274, 133 N. W. 709; *Nash* v. *Minnesota Tile Co.,* 163 Mass. 574, 43 N. E. 1039; *Crater* v. *Binninger,* 33 N. J. L. 513; *Bartholomew* v. *Bently,* 15 Ohio 659; *Howe* v. *Martin,* 102 Pac. 128, 138 A. S. R. 840; *Burrill* v. *Stevens,* 73 Me. 395; *Kearney* v. *Paxton Co.,* 78 Neb. 134, 110 N. W. 882.

In 20 Cyc., page 137, we have the following: "The general rule, in cases of fraud or deceit, is that defendant is responsible for those results, injurious to plaintiff, which must be presumed to have been within his contemplation at the time of the commission of the fraud, and plaintiff may recover damages for any injury which is the direct

and natural consequence of his acting on the faith of defendant's representations."   *Carvill* v. *Jacks,* 43 Ark. 439; *Oaks* v. *Miller,* 55 Pac. 193.

In the case of *Smith* v. *Bolles,* 132 U. S. 125, 33 L. Ed. 379, ·the supreme court of the United States gives the following rule as to the measure of damages: "The measure of damages was not the difference between the contract price and the reasonable market value if the property had been as represented to be, even if the stock had been worth the price paid for it; nor if the stock were worthless, could the plaintiff have recovered the value it would have had if the property had been equal to the representations. What the plaintiff might have gained is not the question, but what he had lost by being deceived into the purchase, the suit was not brought for breach of contract. The gist of the action was that the plaintiff was fraudulently induced by the defendant to purchase stock upon the faith of certain false and fraudulent representations, and so as to the other persons on whose claims the plaintiff sought to recover. If the jury believed from the evidence that the defendant was guilty of the fraudulent and false representation alleged, and that the purchase of stock had been made in reliance thereon, then the defendant was liable to respond in such damages as naturally and proximately resulted from the fraud. He was bound to make good the loss sustained, such as the moneys the plaintiff had paid out, and interest, and any other outlay legitimately attributable to defendant's fraudulent conduct; but this liability did not include the expected fruits of an unrealized speculation. ·

This principle was reaffirmed and the opinion of the court quoted at length in the case of *Sigafus* v. *Porter,* 179 U. S. 116, 45 L. Ed. 113.

The nearest case decided by this court where these principles contended for have been decided, is the case of *McNeer & Dodd* v. *Norfleet,* 113 Miss. 624.

We respectfully call the court's attention to this case, and submit that the decision in this case sustains the con-

tention of the appellees in their first, second and the third cross-assignment of errors. As additional support of the contention above to sustain these assignments of errors. we wish to refer the court to 20 Cyc., p. 138; *Barr* v. *Kimball,* 43 Neb. 766, 66 N. W. 196.

In view of the authorities cited above, we respectfully submit to the court that each and every item is an element of damage which the appellees were entitled to recover and the court erred in excluding the same.

The fourth assignment of error contends that the appellees were entitled to recover reasonable attorney's fees for defending the suit of the case of the *Corinth Bread Co.* v. *Pounds et al.,* and which the court excluded, and in doing so we contend this was error.

In 20 Cyc., p. 142, the text says: "It has been held that attorney's fees and the expense of prosecuting the action may be recovered as special damages or may be considered by the jury in estimating the damages to be awarded; but there is authority to the contrary."

The necessity to defend the suit of the *Corinth Bread Co.* v. *Pounds et al.,* dates back and was caused by the fraud and deceit of the appellant in representing to the appellees that he had a contract for the building for ten years, with a cinch as much longer as he wanted it. But for this false representation the appellees would have never left the building where they were, and would never have had anything to do with the appellant; so we respectfully submit to the court that this is an element of damage to be considered in this case.

HOLDEN, J., delivered the opinion of the court.

This is a suit to recover damages resulting from deceitful and false representations made by appellant to appellees in the leasing of a certain store building in the city of Corinth. It was claimed by the appellees that the appellant, Stone, fraudulently represented that he had a ten-year lease upon the building, but that, acting upon this rep-

resentation, appellees sub-leased part of the building from Stone for a period of ten years, and moved into it, but that, as a matter of fact, Stone did not have a lease on the building except for four years, and that appellees were compelled by the owner to move from the building several years before the ten-year lease expired. Appellees were paying twenty-five dollars per month rent to Stone for the building which they were compelled to vacate by the owner, and it was the general loss they sustained in having to vacate the building for which they filed suit and recovered a judgment of one thousand dollars.

The appellant assigns several errors for reversal, but we shall notice only one, which necessitates a reversal of the case, and that is that the proof in the case fails to establish any actual damages suffered by the appellees on account of their having to move from the store building.

We have searched the record carefully and are unable to find any substantial proof with reference to the actual damages suffered by the appellees no account of their having to move out of the store building leased from Stone. The measure of damages recoverable would be such sum as would make the appellee whole on account of his having to vacate the building. The difference between what the building was worth when forced to move and what the appellees would have paid for it if they had remained in it would measure the actual loss to them on account of the deceit. This is the damage reasonably contemplated under the law.

There is considerable proof in the record with regard to what the appellees, C. J. and J. B. Pounds, had to pay for the building which they were compelled to move into when they moved out of the store building, but nowhere does it appear from the testimony that the store building leased from Stone was worth more than twenty-five dollars per month at the time appellees were ordered to vacate it by the owner. It is possible that inferences might be drawn as to the comparative values of the store building and the building into which the appellees had to move, but this is

indefinite and uncertain, and, to say the most of it, would not warrant a verdict for one thousand dollars. *Estell* v. *Myers,* 54 Miss 174; Id., 56 Miss 800; 12 R. C. L., section 196, p. 451.

We think there are other errors in the case which it is unnecessary to point out, because on a new trial the record may be freed of them.

*Reversed and remanded.*

## OPINION ON SUGGESTION OF ERROR.

HOLDEN, J.

It is suggested that we erred in our former opinion in this case, reported at page 629, 88 So., in holding that: "The measure of damages (to the deceived party) is the difference in value of the lease at the time of the eject-ment and the amount that would have been paid as rent for the remaining part of the term."

We must confess that we erred in announcing this rule of the measure of damages, and to that extent only, the sug-gestion of error is sustained.

The correct rule of the measure of damages in the case is that the deceived party may recover as damages the dif-ference in the actual value of the lease, at or about the time of its execution, and the amount that he would have paid as rent for the property; such being the actual damages contemplated by the parties. *Estell* v. *Myers,* 56 Miss. 806, 12 R. C. L., section 196.

In actions of this character the rule is that the deceived party is only entitled to be made whole in the transaction, and is allowed such actual damages as was reasonably con-templated at the time of the making of the lease. In the case before us the difference, if any, in the value of the lease, when made, over the amount agreed to be paid as rent by the deceived party, would measure his loss.

The opinion heretofore rendered remains the opinion of the court, with the change or modification as herein stated.

*Sustained in part and overruled in part.*