Friedman *v.* Allen.*

(Division B.   Nov. 19, 1928.)

[118 So. 828.   No. 27443.]

378

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 3013, p. 1029, n. 30; Motor Vehicles, 42CJ, section 1049, p. 1241, n. 74, 75; section 1138, p. 1274, n. 89; Negligence, 45CJ, section 598, p. 1042, n. 42; Trial, 38Cyc, p. 1778, n. 73; Instruction given to be taken together and considered as whole, see 14 R. C. L. 817; 3 R. C. L. Supp. 298; 4 R. C. L. Supp. 922; 5 R. C. L. Supp. 780; 6 R. C. L. Supp. 834; 7 R. C. L. Supp. 471.

*John W. Crisler,* for appellant.

*Brewer & Brewer,* for appellee.

ANDERSON, J. Appellant brought this action in the circuit court of Coahoma county against appellee for damages done appellant's automobile, as the result of a collision between appellant's automobile and that of ap-

pellee, through the alleged negligence of the latter. There was a trial, resulting in a verdict and judgment for appellee, from which judgment appellant prosecutes this appeal.

The refusal of the court to direct a verdict in appellant's favor, and the giving of two instructions for appellee, are assigned and argued as reversible errors.

About midnight on April 29, 1927, at the intersection of Fourth and Mississippi streets, in the city of Clarksdale, there took place a collision between appellant's and appellee's automobiles. Each car was being driven by its owner. Both appellant and appellee, at the time of the collision, were violating the speed ordinance of the city. The evidence on behalf of appellant tended to show that the proximate cause of the collision between his car and that of appellee, and the injury to appellant's car resulting therefrom, was the negligence of the latter, while the evidence on behalf of appellee tended to show that the proximate cause of the collision was the negligence of appellant. The question of liability therefore was clearly one for the jury, and it was not error for the court to refuse to direct a verdict for appellant.

One of the instructions given appellee, of which appellant complains, authorized the jury to diminish appellant's damages in proportion to his negligence, without regard to whether such negligence contributed to the injury, or not. This was erroneous. Under the law it is only contributory negligence on the part of the plaintiff that should reduce his damages. The other instruction given appellee, of which appellant complains, was not erroneous, because, as claimed by appellant, it ignored the question, whether or not appellant's negligence contributed to the injury. That instruction concludes in this language:

"The amount of damages, if any, awarded to plaintiff must be diminished in proportion to his own negligence which contributed to the accident."

In the first instruction given for appellant, the jury were told that, if the damage to appellant's car was caused by the negligence of appellee, they should award appellant damages to the amount of the injury done his car. All the instructions given in a case are to be taken together and considered by the jury as one instruction. An erroneous instruction given will not constitute reversible error, unless it is so squarely in conflict with the other instructions in the case, putting the governing principles of law to the jury, that it is calculated to be misleading to the jury. We do not think that can be said of the erroneous instruction here complained of. Construing all the instructions together, the jury were plainly told that, if the proximate cause of the injury was the negligence of appellee, they should return a verdict for appellant; and, on the other hand, if both appellee and appellant proximately contributed to the injury by their negligence, then the jury should reduce appellant's damages in proportion to his contributing negligence.

*Affirmed.*