THE PRAETORIANS v. THOMPSON.

(Division A. March 30, 1931.)

[133 So. 228. No. 29229.]

86

S. M. Graham, of Meridian, and **T. W. Davidson**, of Dallas, Tex., for appellant.

S. M. Graham, of Meridian, for appellant.

**H. F. Case** and **B. C. Adams**, both of Quitman, for appellee.

Argued orally by **S. M. Graham** for appellant, and by **H. F. Case** for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an action by the appellee against the appellant for deceit.

The declaration alleges, in substance, that the appellant is a fraternal insurance order on the lodge system. Section I of its Constitution provides that: "Certificates (of insurance) shall not be issued except upon written application as provided in Article 18, Section 1. Section 2. Liability on a certificate shall not exist against the order until the applicant has been examined by a regular practicing physician and his application for membership (a) has been received and allowed by the Medical Director, nor until such member shall (b) have taken the obligations of the Order. . . . Section 3. No Agent, Deputy, Organizer, Council, Committee, or body whatsoever, shall be authorized to waive any part of this article."

Hester, a soliciting agent of the appellant, fraudulently induced the appellee to apply to appellant for a policy of insurance by falsely representing to him that a policy would be issued on his application therefor, without a medical examination, and concealing from him the requirement of joining one of the appellant's subordinate lodges and taking the obligation of the order. The appellee received the policy in accordance with his application and paid two annual premiums thereon, but did not join one of the appellant's subordinate lodges.

The appellee gave evidence in support of these allegations, from which it also appears that: "Marvin G. Thompson having been regularly admitted as a member of the Council No. 1200 located at Pine Ridge, State of Miss., is entitled to all rights, benefits and privileges of membership . . . shall not be liable for the payment of any sum hereunder, unless said member . . . has not untruthfully answered any question or made any untruthful statements in the application or untruthful statements to the medical examiner of the Order upon the faith of which this certificate is issued."

Hester forwarded to the appellant a written application for the policy, together with the medical examina-

tion, both bearing the appellee's name, but he denied signing either, and said that he made no written application for the policy, submitted to no medical examination, and did not answer, any questions relative thereto. The appellee was in good health when he applied for and received the policy, but is not now.

It will not be necessary to set out the evidence given by the appellant.

The appellant requested, but was refused an instruction directing the jury to return a verdict in its favor.

The appellee's complaint is that the policy is void, and that the appellant's soliciting agent induced him to accept it by falsely representing to him that it would not be necessary for him to undergo a medical examination, and fraudulently concealing from him the requirement to join one of the appellant's subordinate lodges. In order for the appellee to recover, it must appear, among other things, that the appellant is responsible for this representation and concealment by its agent, and that appellee had the right to, and did rely on, the representation. If it does so appear, the appellant was estopped from denying the validity of the policy, issued by it to the appellee; or, to state it differently if it does so appear, the policy was valid and no injury was done the appellee. In other words, the proof necessary to sustain this action for deceit would enable the appellee to recover on the policy, so that the wrong done by the appellant's agent was to it, and not to the appellee. If the appellee did not have the right to rely on the agent's representations, as to which we express no opinion, then, of course, the appellant would not be liable in an action for deceit based thereon.

The appellant's request for a directed verdict should have been granted.

The judgment of the court below will be reversed, and the cause will be dismissed.

Reversed and dismissed.