300 So.2d 444 (1974)
BRYAN CONSTRUCTION COMPANY, INC.
v.
THAD RYAN CADILLAC, INC.
No. 47688.
Supreme Court of Mississippi.
September 16, 1974.
*445 Young, Young & Scanlon, Robert B. Sessums, Jackson, for appellant.
Cox & Dunn, Ltd., Jackson, for appellee.
RODGERS, Presiding Justice.
This is an appeal from an order of the Circuit Court of the First Judicial District of Hinds County, Mississippi, sustaining a special plea in bar on the election of remedies and dismissing with prejudice the appellant's cause of action. The dismissed suit was for actual and punitive damages due to an alleged fraud practiced on the appellant by the appellee in the sale of a used car. Its election of remedies resulted when the appellant chose to rescind the sales contract and cancel the debt. Appellant appeals, and assigns the following sole error: "The lower court erred in sustaining appellee's special plea to the declaration of the appellant."
On December 7, 1972, the appellant, Bryan Construction Company, Inc. [hereinafter referred to as Bryan], purchased from appellee, Thad Ryan Cadillac, Inc. [hereinafter referred to as Ryan Cadillac], a 1970 Cadillac for the total price of three thousand six hundred ninety-five dollars and five cents ($3,695.05). The purchase agreement was evidenced by a written promise to pay the agreed price at a future date. It is alleged that the speedometer on the car registered thirty-two thousand (32,000) miles at the time of the sale, and that Ryan Cadillac's salesman represented *446 to Mr. Charles Bryan, who purchased the automobile for and on behalf of the appellant, that the speedometer was accurate and showed the actual miles the car had been driven.
Appellant Bryan alleges that it began to have mechanical problems with the car, and in attempting to determine whether or not the prior owner of the car had experienced similar mechanical problems, Bryan learned that at the time Ryan Cadillac took the car as a trade-in, the speedometer showed a mileage reading in excess of fifty thousand (50,000) miles. Bryan further alleges that it first endeavored to have Ryan Cadillac take the automobile back in return for the purchase price, and then it notified Ryan Cadillac, in writing, to pick up the car. Having received no acknowledgement of his letter from Ryan Cadillac, Bryan finally had the car towed to Ryan Cadillac's used car lot and left there. Ryan Cadillac admits the sale of the car, but denies all other allegations.
On January 31, 1973, Bryan filed simultaneous actions in the Circuit Court of the First Judicial District of Hinds County, Mississippi. Cause No. 21,410 was a suit for the rescission of the contract and return of the purchase price, and Cause No. 21,411 was a collateral suit for actual and punitive damages due to the fraud allegedly practiced on Bryan by Ryan Cadillac. On February 6, 1973, Cause No. 21,411 was amended so that the prayer for relief is as follows:
"9. The abovesaid false and fraudulent representation as to mileage was a material factor relied on by the plaintiff in the purchase of the automobile, and such false and fraudulent representation was so wilful and gross as to authorize imposition of punitive damages in addition to actual damages sustained by plaintiff for loss of use of the car during periods of repair, inconvenience experienced by the plaintiff during periods when the car was undergoing repairs, expense incurred in returning the car to the defendant by wrecker and for attorneys fees incurred in accomplishing rescission of the sales contract.
WHEREFORE, plaintiff sues and prays that it be awarded actual and compensatory damages in the amount of $5,000.00, punitive damages in the amount of $250,000.00, reasonable attorneys fees for the prosecution of this action, and all costs of court herein."
On March 2, 1972, Ryan Cadillac filed its answer in Cause No. 21,410, accepting the rescission of the contract and cancelling the debt due it by Bryan for the purchase of the automobile. Bryan had not made any cash payments towards the purchase price of the car since its agents had given a note; moreover, no payment was due under the sales agreement. Ryan Cadillac further tendered the amount of fifteen dollars and seventy-five cents ($15.75) into the Court as payment of the towing fee incurred by Bryan in returning the car to the used car lot.
On March 5, 1973, Ryan Cadillac filed its answer in Cause No. 21,411, incorporating therein a special plea in bar of election of remedies alleging that by filing the suit for rescission, and having the rescission accepted by Ryan Cadillac, Bryan had elected its remedy and was barred from recovery of any damages for the tort of fraud in Cause No. 21,411. Ryan Cadillac's special plea was heard separately and on April 23, 1973, the circuit judge entered an order sustaining that plea and dismissing Cause No. 21,411 with prejudice to the appellant.
It is well established that prior to the enactment of the Uniform Commercial Code [UCC] an aggrieved buyer was required to elect between his remedies under the common law. He could either rescind and recover his purchase price accompanied with a return of the goods, or he could affirm the contract and seek damages. This rule is thoroughly ingrained in the case law of *447 this state. In Laurel Auto Supply Co. v. Sumrall, 184 Miss. 88, 185 So. 566 (1939), this Court set out the rule as follows:
"A purchaser of property who has been deceived by material false representations in the procurement of the contract, which renders it void, may elect to rescind and to be restored to the position he occupied at the time of the sale. He must, however, act promptly and return to the seller that which he, the buyer, obtained as a part of the sale, and thereupon the vendor is under obligation, and it is his duty, to restore to the buyer anything of value which the seller has obtained from him as a consideration therefor. Or he may retain the property and recover from the seller the difference between the actual value of the property in the condition as it was when delivered to him, and the price paid by him to the seller therefor." 184 Miss. at 93-94, 185 So. at 567.
See also Lloyd Ford Co. v. Sharp, 192 So.2d 398 (Miss. 1966); 3 Williston on Sales, § 25-3 (4th ed. 1974).
The adoption of the Uniform Commercial Code somewhat modified this doctrine. Mississippi Code 1942 Annotated § 41A:2-721 (Supp. 1967) [now Mississippi Code Annotated § 75-2-721 (1972)] [also § 2-721 of the Uniform Commercial Code], provides:
"Remedies for material misrepresentation or fraud include all remedies available under this Article for nonfraudulent breach. Neither rescission or a claim for rescission of the contract for sale nor rejection or return of the goods shall bar or be deemed inconsistent with a claim for damages or other remedy."
It is obvious that this section does permit some damages, in addition to the return of the purchase price, to be recovered along with the rescission when accompanied by fraud. The question is what damages are allowed.
In 67 Am.Jur.2d Sales § 517, at 697-98 (1973), it is stated:
"The Uniform Commercial Code overturns, at least to some extent, the traditional doctrine of election of remedies with respect to fraudulent conduct in connection with the sale of goods, and provides that remedies for material misrepresentation or fraud include all remedies available under Uniform Commercial Code Article 2 on Sales for nonfraudulent breach; and it is further provided that neither rescission or a claim for rescission of the contract for sale, nor rejection or return of the goods, shall bar or be deemed inconsistent with a claim for damages or other remedy.
The above Uniform Commercial Code provision is intended to correct the situation by which remedies for fraud have been more circumscribed than the more modern and mercantile remedies for breach of warranty, and the remedies for fraud are extended to coincide in scope with those for nonfraudulent breach. It is thus made clear that rescission for fraud or rejection of the goods does not bar other remedies, unless the circumstances make such remedies incompatible. Thus, a buyer who has accepted the goods may nevertheless revoke his acceptance and rescind the contract, where he learns of fraud or misrepresentation with respect to the goods. Likewise, it appears that a party will not forfeit a claim for damages for fraud or misrepresentation if he proceeds with performance of the contract, and that appears to have been the rule under pre-Code law." (Footnotes omitted).
The Third Circuit Court of Appeals has apparently recognized a partial change in the doctrine of election of remedies in Associated Hardware Supply Co. v. Big Wheel Distributing Co., 355 F.2d 114 (3d Cir.1956), where it held: "The Code, although also making damages available in an action for rescission, UCC 2-721, does not *448 otherwise change the traditional theory of election of remedies." 355 F.2d at 120.
It must be remembered that the Uniform Commercial Code with reference to sales has to do with contracts of sales and not torts.
The remedy of the buyers to rescind the contract and to be put in status quo by recovery of the purchase price under the common law has not been changed by the Uniform Commercial Code, except to permit the recovery of additional damages, described as "incidental" and "consequential" damages.
Mississippi Code Annotated Section 75-2-715 (1972) is in the following language:
"(1) Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach.
(2) Consequential damages resulting from the seller's breach include
(a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and
(b) injury to person or property proximately resulting from any breach of warranty."
The common law rule that the purchaser may retain the purchased goods and sue for damages has been changed by the Uniform Commercial Code as follows:
"(1) Where the buyer has accepted goods and given notification (subsection (3) of Section 2-607) [§ 75-2-607] he may recover as damages for any nonconformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable.
(2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.
(3) In a proper case any incidental and consequential damages under section 75-2-715 may also be recovered." Miss. Code Ann. § 75-2-714 (1972).
Neither of the foregoing remedies under contract of sales permits the recovery of punitive damages.[1] The Code expressly states that penal damages may not be recovered under the Uniform Commercial Code.
Mississippi Code Annotated Section 75-1-106 (1972) is in the following language:
"(1) The remedies provided by this code shall be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed but neither consequential or special nor penal damages may be had except as specifically provided in this code or by other rule of law.
(2) Any right or obligation declared by this code is enforceable by action unless the provision declaring it specifies a different and limited effect."
Under the common law an aggrieved party who was defrauded had the option to elect to use one of the remedies in contract law of sales set out in Laurel Auto Supply Co. v. Sumrall, supra, or he *449 had the option to bring his action in tort for fraud and deceit. Mayfield Motor Co. v. Parker, 222 Miss. 152, 75 So.2d 435 (1954); Hunt v. Sherrill, 195 Miss. 688, 15 So.2d 426 (1943). In Parker, the appellant complained that the bill of sale was not attached to the declaration, but the Court pointed out that the action was not founded on a writing and said: "This was a tort action, founded on fraud and deceit. The plaintiff had the right to choose this form of action." 222 Miss. at 159-160, 75 So.2d at 437.
As a general rule when a tort action is based on fraud and the fraud is grossly unjustifiable, punitive damages may be awarded. Sovereign Camp, W.O.O. v. Boykin, 182 Miss. 605, 181 So. 741 (1938).
In the instant case now before the court, the appellant elected to sue in contract, to rescind the contract and to recover the purchase price plus the cost of returning the purchased property to the seller. The seller accepted the rescission of the sales contract, cancelled the indebtedness, and tendered into the court the cost of returning the automobile to the purchaser. We are of the opinion that since the appellant purchaser elected to sue in contract rather than in tort for deceit and fraud, he has elected his remedy and cannot now be heard to also sue in tort for general and punitive damages.[2] We pointed out in Home Insurance Co. v. Tate Mercantile Co., 117 Miss. 760, 78 So. 709 (1918), the following rule:
"One having a cause of action for damages arising from a breach of a contract, and which cause of action at the same time constitutes a wrong for which the plaintiff may waive the contract and sue in tort, the plaintiff then has two courses, either of which he may pursue. He may sue in contract for the damages arising from the breach, or he may waive the contract and sue in tort. He must, however, elect upon which theory he will proceed, and his declaration, or the counts contained in the same, must be either all in contract, or all in tort. He must also in one suit claim all the damages he has sustained, because for one cause of action but one suit is given the plaintiff to be tried upon its merits." 117 Miss. at 769-770, 78 So. at 711.
The judgment of the trial court sustaining the special plea in bar is therefore affirmed.
Affirmed.
SMITH, ROBERTSON, WALKER and BROOM, JJ., concur.
NOTES
[1] There is one case brought to our attention which seems to hold to the contrary. See Grandi v. LeSage, 74 N.M. 799, 399 P.2d 285 (1965).
[2] This case was tried prior to the enactment of Miss.Gen.Laws, Ch. 315 [1 Adv.Sheet 14 (March 5, 1974)].